UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. EDCV 10-00630-CJC(PLAx)                          Date:  May 25, 2010

Title: RICHARD SANCHEZ ET AL. V. EDWARD BARBU

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                 None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiffs Richard Sanchez and Juana G. Sanchez (collectively "Plaintiffs") filed this unlawful detainer action in Riverside County Superior Court against Defendant Edward Barbu.  Mr. Barbu removed the action to this Court, alleging federal question and diversity jurisdiction.

A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.  A district court must remand a case to state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  This case is a straightforward action for unlawful detainer, a state-law claim.  At most, Plaintiffs seek $10,000 from Mr. Barbu, far less than $75,000.  The Court does not have federal question or diversity jurisdiction.

On May 7, 2010, the Court ordered Mr. Barbu to show cause why this case should not be remanded for lack of subject matter jurisdiction.  Mr. Barbu responded by attempting to assert federal causes of action against Plaintiffs in his opposition to the Court's order to show cause.  Even if Mr. Barbu had properly filed and served his counterclaims against Plaintiffs, counterclaims cannot serve as the basis for federal

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 10-00630-CJC(PLAx)                                      Date:  May 25, 2010
                                                                              Page 2

---

question jurisdiction.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*,
535 U.S. 826, 831 (2002).  Accordingly, this case is REMANDED to state court.


jhp

MINUTES FORM 11
CIVIL-GEN                                                      Initials of Deputy Clerk MU